COOKS, J.,
concurring.
|, While I concur in the results because it provides a measure of relief for the harm caused to C.C. and her mother, I disagree with the majority decision to assign any degree of fault to C.C. As Justice Johnson concluded, no amount of fault can be attributed to C.C., a child only 12 years of age. In fact, I note that C.C. acted reasonably and very responsibly in asking a friend to walk with her as far as that friend was able to go in order to be more *623 secure walking home from school. Likewise it is reasonable that S.R.C. might have been a little hungry after being detained in Behavior Clinic all afternoon and desired to stop at Popeyes for a bite to eat. I further note that C.C. had never before walked home from school and was unfamiliar with any alternate internet map route defense counsel offered in court.
The very reason this child was statutorily entitled to a free school bus ride home is because she lived approximately two and one-half miles away from school. I believe it is eiTor to place any significance on the fact that the rape of this child took place more than a mile from school and more than an hour after school. The rape occurred more than an hour after C.C. left school walking home on a walk that would take over an hour even if she had not stopped for a glass of water. As to any discussion or misplaced reliance on whether C.C., in fact, was afforded the opportunity to use a telephone after Behavior Clinic ended to call her mother, who | ¡¡should have already been notified properly by the school that C.C. was being held over for Behavior Clinic. This is nothing more than a “red herring”. This child, as every child who lives more than one mile from school, is entitled to free bus transportation and the School Board is statutorily mandated to provide such transportation without exception in this instance. The School Board breached its duty to C.C. and undeniably knew and admits they were sending this child walking home through a notoriously dangerous neighborhood.
I believe the greatest degree of fault for the rape of this little girl lies with the School Board. The child’s mother instructed in writing that her daughter was not allowed to walk home. No effort was made by the school to ensure C.C. knew there existed an alleged “un-communicat-ed” exception to the announcement on the very day of the incident that she could not ride the bus. I believe the supreme court’s decision in Campbell v. Department of Transp. & Dev., 94-1052 (La.1995), 648 So.2d 898 is instructive as to the proper apportionment of fault. Relying on the rationale in Campbell, this court in Caruthers v. Department of Transportation And Development, 97-1450 (La.App. 3 Cir. 4/15/98), 711 So.2d 420 noted:
Under our theory of negligence, the crucial consideration is whether the conduct in question is a cause-in-fact of the resulting harm or injuries. (Citing Campbell) It is irrelevant whether the conduct was the primary cause of the accident. Liability may be imposed upon a party, such as DOTD, provided its conduct contributed to causing the injuries sustained by the victim plaintiff. If the party’s conduct indeed contributed to the plaintiffs harm, fault will be apportioned to that party according to the extent of the causal relation between the conduct and the damages claimed. (Emphasis added.)
I believe the causal relation of the school personnel’s conduct in unlawfully denying C.C. free bus transportation home from school, compounded by their breach of duty to supervise her and to make sure she had secured a safe alternate means home, coupled with their admitted knowledge of the notoriously dangerous ^neighborhood through which C.C., (a 12 year old girl,) had to walk, created the greatest risk that C.C. would be harmed and created the opportunity for her assailant to attack her. While I agree the assailant has some degree of fault, I believe the lions share of fault should be assessed against the School Board. I would therefore assess 25% fault to the unknown rapist, 75% fault to the School Board, and 0% fault to the 12 year old child.
*624 I disagree with the quantum of damages. I believe the minimum amount of general damages which should be awarded the 12-year-old child is $200,000.00 and $40,000.00 to her mother.